# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Peter Allan and Todd Fernandes,

         Plaintiffs,

v.

Jodi Harpstead, Commissioner of the
Department of Human Services; Nancy
Johnson, Chairman and Executive Officer of
MSOP; Terry Kneisel; Cory Vargeson; Phil
Olson; and Robert Gresczyk,

         Defendants.

Case No. 24-cv-3088 (ECT/DJF)

**ORDER**

---

**IT IS HEREBY ORDERED THAT**:

1.     Plaintiffs Peter Allan and Todd Fernandez's applications to proceed *in forma pauperis* (ECF Nos. [2] & [3]) are **GRANTED**.

2.     Plaintiffs must submit a properly completed Marshal Service Form (Form USM-285) for each defendant.  If Plaintiffs do not complete and return the Marshal Service Forms by **September 27, 2024**, the Court will recommend that this matter be dismissed without prejudice for failure to prosecute.  The Court will provide Marshal Service Forms to Plaintiffs.

3.     Upon receipt of the completed Marshal Service Forms, the Court directs the Clerk of Court to seek waiver of service from each of the defendants in their personal capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

4.     If a defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court

will impose upon that defendant the expenses later incurred in effecting service of process.  Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form.  *See* Fed. R. Civ. P. 4(d)(2).

5.    The Court directs the U.S. Marshals Service to effect service of process on each of the defendants in their official capacities as agents of the State of Minnesota consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

6.    Plaintiffs' motions for appointment of counsel (ECF Nos. [4] & [5]) are **DENIED WITHOUT PREJUDICE**.  "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court.").  Notwithstanding Plaintiffs' arguments to the contrary supporting their motions for appointment of counsel, this does not appear to be a terribly complicated case.  Plaintiffs have presented their claims with reasonable clarity, and one of those Plaintiffs, Peter Allan, has extensive experience litigating in federal court.  Accordingly, it is not yet apparent that appointment of counsel would substantially benefit Plaintiffs or the Court at this time. This Court will reconsider *sua sponte* whether appointment of counsel is appropriate should circumstances dictate.

Dated: August 28, 2024                              *s/ Dulce J. Foster*
                                                    DULCE J. FOSTER
                                                    United States Magistrate Judge

2